UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
-PSO-

U.S. DISTRICT COURT
WD NY

---

MIKE WILSON, 95-A-0866,

        Plaintiff,

    -v-

CARMEN MILLER, PATRICIA MILLS,
DIANA HERSH-WEED, K. MURRAY,
D. FLYNN, and Doctor LICATA

        Defendants.

---

DECISION AND ORDER
05-CV-6080CJS(Fe)

## INTRODUCTION

Plaintiff Mike Wilson, an inmate of the Upstate Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Southport Correctional Facility Nurses Carmen Miller ("Miller"), Patricia Mills ("Mills"), Diana Hersh-Weed ("Hersh-Weed") and K. Murray ("Murray"), Southport Correctional Facility Correctional Officer D. Flynn ("Flynn), and Upstate Correctional Facility Doctor Licata ("Doctor Licata"), violated his constitutional rights by denying him adequate medical care, disclosing his medical information and retaliating against him for his attempts to resolve the problems. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, plaintiff's claims against Doctor Licata are sufficient to go forward as pleaded, but unless plaintiff files an amended complaint as directed below, the remaining claims will be dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he sought medical treatment for a skin infection since July 6, 1999, but it was ignored for two and one half years. Miller then prescribed a treatment that made his condition significantly worse. Plaintiff claims that Mills, Millers, Hersh-Weed and Murray were each aware of his medical needs and chose to avoid treatment. His condition became progressively worse for an extensive period prior to receiving the proper medication.

Additionally, plaintiff alleges that Miller and Mills violated his right to privacy regarding his medical status and treatment by loudly discussing his medical information in front of correctional personnel and others. Despite his requests for privacy, Miller and Mills continued to reveal his medical information from December 2002 through 2004. Plaintiff alleges that Flynn heard the information and verbally abused plaintiff as a result.

Plaintiff attempted to rectify the problems he had in receiving adequate medical care, but alleges that defendants Mills, Millers, Hersh-Weed and Murray subjected him to retaliation as a result. Specifically, he claims that defendants denied him his medication of April 26 and 27, 2003 and August 2, 2003; denied him medical care, including a sick call on May 3, 2003; and filed false misbehavior reports against him on May 2, 2003 and July 19, 2003.

Finally, plaintiff alleges that upon his transfer to Upstate Correctional Facility on April 26, 2004, the proper medication he had finally obtained was thrown away, and Doctor Licata denied him treatment.

Plaintiff is seeking monetary damages for the claims.

2

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted. However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend

3

his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend shall be freely given).

### Timeliness

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's CPLR § 214(2). *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). In addition, federal courts are required to borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. *Board of Regents of University of State of New York v. Tomanio*, 446 U.S. 478, 487-491 (1980).

Plaintiff's complaint, which was filed on February 23, 2005, asserts that the complained of events began on July 6, 1999. Thus, to the extent that plaintiff is raising claims stemming from the alleged conduct that occurred prior to February 23, 2002, it is apparent that the three-year time period during which plaintiff could properly bring such claims expired well before plaintiff filed this action. Accordingly, such claims based on events prior to February 23, 2002 are time-barred and must be dismissed.

While plaintiff does allege that defendants engaged in violations of his Eighth Amendment rights through conduct that occurred **after** February 23, 2002, the allegations are too vague regarding the dates of the complained-of events. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to

4

enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In order for the complaint to provide adequate notice to defendants of the actual complained-of conduct, plaintiff must amend his complaint to provide more specific dates for the conduct about which he is seeking relief. If plaintiff is unable to provide the exact dates, he should provide as narrow a range of dates as he can, for **each** specific event. Plaintiff's claims against defendants Miller, Mills, Hersh-Weed and K. Murray regarding denials of medical care and the retaliation claims will be sufficient to go forward as pleaded with the addition of more specific dates and times.

Plaintiff's claims against Doctor Licata are sufficient to go forward as pleaded.

## Flynn

Plaintiff's claims that he was verbally abused, taunted and threatened by defendant Flynn, however, require additional amendment. Plaintiff characterizes this conduct as a violation of his privacy, but does not allege that Flynn disclosed medical information. Rather, plaintiff complains that Flynn subjected him to verbal abuse and mocking once the medical information was revealed to him by the medical staff. In effect, plaintiff is alleging that his Eighth Amendment right to be free of cruel and unusual punishment has been violated by this verbal abuse. However, "harassment or profanity alone, unaccompanied by any [physical] injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Shabazz v. Pico*, 994 F. Supp. 460, 471 (S.D.N.Y. 1998) (citation and internal quotation marks omitted); *accord, Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (finding that plaintiff's allegations that he was

bumped, grabbed, elbowed, and pushed by a corrections officer and subjected to isolated episodes of verbal and physical harassment do not singly or cumulatively meet the objective or subjective components of the Eighth Amendment standard); *Patton v. Przybylski*, 822 F.2d 697 (7th Cir. 1987) (determining that derogatory remarks do not constitute a constitutional violation); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (affirming the dismissal of a claim that a prison guard called plaintiff names). Plaintiff makes no allegation of any physical injury whatsoever arising out of the incidents described in the complaint, and therefore his complaint does not allege a violation of his right to be free from cruel and unusual punishment. Unless plaintiff can provide additional allegations demonstrating that Flynn was personally involved in any of the constitutional violations, the claims against him will be dismissed and he will be terminated as a party.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons set forth above, several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **June 21, 2005** in which he includes the necessary allegations regarding the specific dates of the complained-of events, and allegations regarding defendant Flynn's personal involvement in any of the constitutional claims, as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal

effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

If plaintiff fails to file an amended complaint as directed, the claims against Miller, Mills, Hersh-Weed, Murray and Flynn will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and service of the remaining claim on Doctor Licata shall be directed.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint *only* as directed above by **June 21, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **June 21, 2005**, the claims against Miller, Mills, Hersh-Weed, Murray and Flynn are dismissed with prejudice without further order of the Court and the Clerk of the Court shall terminate defendants Miller, Mills, Hersh-Weed, Murray and Flynn as parties to this action;

7

FURTHER, that in the event plaintiff has failed to file an amended complaint by **June 21, 2005**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendant Doctor Licata, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

SO ORDERED.

Dated:     _MAY 18_____, 2005
                Rochester, New York

                                        _Charles Siragusc_____
                                        CHARLES J. SIRAGUSA
                                        United States District Judge

8